IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-cr-30013 |
| | ) | |
| MICHAEL EDWARDS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Michael Edwards' pro se motion (d/e 28) and amended motion for compassionate release (d/e 33) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motions are DENIED.

## I. BACKGROUND

On December 29, 2014, Defendant Michael Edwards pled guilty to Count 1 of the Indictment for conspiring to manufacture and distribute 50 grams or more of mixtures or substances containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B).  On April 30, 2015,

Defendant was sentenced to 120 months of imprisonment and a 4-year term of supervised release.  Defendant is currently serving his sentence at FMC Lexington, and he has a projected release date of September 23, 2021.

On July 28, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).  See d/e 28.  On August 3, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  See d/e 33.  Defendant seeks compassionate release due to the COVID-19 pandemic.

On August 6, 2020, the Government filed a response opposing Defendant's motion.  See d/e 35.  The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

Thereafter, additional briefing was filed relating to the medical health of Defendant.  Both parties consulted with medical professionals.  See d/e 45, 44.  On August 20 and 24, 2020, hearings were held on Defendant's motion where the Court heard

from Defendant and counsel.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of

>Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that § 3582(c)(1)(A) does not require the Court to wait to consider a compassionate release request if there is a credible claim of serious and imminent harm from this pandemic. That does not mean the Court will waive the exhaustion requirements in all cases. The decision must be made on a case-by-case basis.

In this case, Defendant argues that he submitted a compassionate release request to his facility on July 15, 2020, which is more than 30 days ago. See d/e 33, p. 10. The Government disagrees, stating that BOP has no record of receiving

a request.  See Response, d/e 35, pp. 44-45.  It is possible that the request may have been lost or BOP has simply not reviewed the request due to the constraints and limitations created by the pandemic.  Therefore, the Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment.  The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons.  Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation.  Social distancing can be difficult for individuals living or working in a prison.

As of August 24, 2020, FMC Lexington only has two active COVID-19 cases, both of which are inmates. See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 24, 2020).

Defendant is a 44-year male who suffers from hypertension, for which he takes daily medications.  See d/e 44.  Defendant argues that he is now likely obese and has been in the past.  See d/e 33, 46.  However, based on the medical records, Defendant has not been diagnosed as clinically obese as his BMI was last recorded as 27.9.  See d/e 44.  The medical records support a finding that his hypertension is under control.  Defendant argues that he potentially suffered a heart attack and likely has heart damage, but the record does not support such a finding.  The CDC has identified that hypertension *might* increase Defendant's risk for serious illness if he contracts COVID-19, which is different than the list of conditions that are known to increase the risk.  See People with Certain Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed August 24, 2020).  While Defendant has hypertension, he has no other comorbidities that would increase the risks associated with COVID-19.  See id.  Defendant has not presented any other evidence that he faces an increased risk of severe illness or death from COVID-19.

The COVID-19 pandemic does not warrant the release of every federal prisoner with medical concerns.  While the Court is sympathetic to Defendant's medical conditions, he has not shown that he would be at a higher risk at his facility than he would be if released.  In fact, Defendant is serving his sentence at FMC Lexington, which is an administrative security federal medical center.  See FMC Lexington and SCP Atwood Camp Inmate Admission & Orientation Handbook, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/lex/lex_ao_handbook_eng_112417.pdf, p. 40 ("On-site emergency medical care is available 24 hours a day, seven days a week in both the FMC and Camp.").  Additionally, FMC Lexington has had a limited number of COVID-19 cases at the facility.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed August 24, 2020).

The Court must also reconsider the factors set out in 18 U.S.C. § 3553(a).  Defendant Edwards is currently serving a 120-month term of imprisonment.  Defendant's projected release date is September 23, 2021, leaving 12 months remaining on his imprisonment sentence.  Defendant has a history of violence, and

BOP has assessed Defendant at a high recidivism level.  The Court commends Defendant on his lack of disciplinary infractions as well as the numerous (over 50) educational and rehabilitative programs that Defendant has completed since being incarcerated.

A commendable record while in BOP custody alone does not justify compassionate release.  The Court finds that Defendant's medical health combined with where he is housed and the COVID-19 pandemic do not rise to the level of extraordinary and compelling reasons to warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Michael Edwards' pro se motion (d/e 28) and amended motion for compassionate release (d/e 33) are DENIED.  This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change.  The Clerk is DIRECTED to send a copy of this Opinion to FMC Lexington.

ENTER:  August 24, 2020

/s/ Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE