IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 14-cr-30013 |
| ) | |
| **MICHAEL EDWARDS,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendant Michael Edwards' second pro se motion (d/e 49) and amended motion for compassionate release (d/e 50) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motions are GRANTED.

### I. BACKGROUND

On December 29, 2014, Defendant Michael Edwards pled guilty to Count 1 of the Indictment for conspiring to manufacture and distribute 50 grams or more of mixtures or substances containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B). On April 30, 2015,

Defendant was sentenced to 120 months of imprisonment and a 4-year term of supervised release. Defendant is currently serving his sentence at FMC Lexington, and he has a projected release date of September 23, 2021.

On July 28, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 28. On August 3, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 33. Defendant sought compassionate release due to the COVID-19 pandemic. However, Defendant's motions were denied on August 25, 2020. See Order, d/e 48. At that time, FMC Lexington only had only two active COVID-19 cases, the medical records only showed that Defendant suffered from hypertension, and Defendant's projected release date was September 23, 2021. Id. at 5-7.

On December 23, 2020, Defendant filed a second pro se motion for compassionate release. See d/e 49. On January 4, 2021, defense counsel filed an Amended Motion for Compassionate Release. See d/e 50. Defendant argues that he suffers from

Page **2** of **10**

obesity and hypertension and FMC Lexington is facing an uncontrolled COVID-19 outbreak. Moreover, Defendant argues that he is being released early to a halfway house on February 16, 2021, but he would be safer from exposure if permitted to self-quarantine at home.

On January 7, 2021, the Government filed a response opposing Defendant's motion. See d/e 53. The Government argues that Defendant has not established extraordinary and compelling reasons to warrant a reduction in his sentence and the factors set forth in 18 U.S.C. § 3553(a) do not warrant release.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the

Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant argues that he submitted a request to

the warden of his facility on July 15, 2020, which is more than 30 days ago. See d/e 33, p. 10. Additionally, the U.S. Probation Office received documents from BOP that indicate Defendant made a request for a sentence reduction with the warden at FMC Lexington, which was denied. See d/e 51, p. 2. The Government did not raise exhaustion in its Response. See Response, d/e 53. As such, the argument is waived. Therefore, the Court finds that Defendant has met the 30-day requirement pursuant to 18 U.S.C. § 3582(c)(1)(A).

The Court must consider whether "extraordinary and compelling reasons warrant such a reduction" and is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Social distancing can be difficult for individuals living or working in a prison.

FMC Lexington is experiencing a serious COVID-19 outbreak

at the facility.  See COVID-19 Cases, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed January 10, 2021).  As of January 10, 2021, 430 inmates and 13 staff members have the disease, 9 inmates have died as a result of the disease, and 284 inmates and 44 staff members have recovered.  Id.

Defendant is a 44-year male who suffers from uncontrolled hypertension and is considered clinically obese as he has a BMI of 34.1 based on his weight of 224 pounds and height of 5'8".  See BOP Records, d/e 52, p. 27; Adult BMI Calculator, CDC, https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last accessed January 10, 2021).  The CDC has classified obesity as a condition placing Defendant at an increased risk of serious illness if he contracts COVID-19.  See People at Any Age with Underlying Medical Conditions, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed January 10, 2021) ("Adults of any age with the following conditions are at increased risk of severe illness from the virus that causes COVID-19:: . . . Obesity (body mass index [BMI] of 30 kg/m2 or higher but < 40 kg/m2). . . .").   The CDC has also

identified that hypertension might increase Defendant's risk for serious illness if he contracts COVID-19. Id. ("[A]dults of any age with the following conditions might be at an increased risk for severe illness from the virus that causes COVID-19: . . . Hypertension or high blood pressure . . . ."). The Court finds that Defendant's medical conditions place him at great risk of serious illness or death if he contracts COVID-19.

The Court must also reconsider the factors set out in 18 U.S.C. § 3553(a). Defendant Edwards is currently serving a 120-month term of imprisonment. Defendant's projected release date is September 23, 2021, leaving only 12 months remaining on his imprisonment sentence. However, Defendant is scheduled for early release to a halfway house on February 16, 2021. Defendant has already served over 79 months of his sentence. Since being incarcerated, Defendant has not committed any disciplinary infractions. Defendant has completed an impressive amount of educational and rehabilitative programs, totaling nearly 50 programs. The Court has reconsidered the factors in § 3553(a) and concludes that they entitle Defendant to compassionate release.

The Court also considers whether Defendant is a danger to the

safety of any other person or to the community.  See U.S.S.G. § 1B1.13.[1]  The U.S. Probation Office has found Defendant's proposed release plan suitable.  See d/e 51.  If Defendant quarantines himself at his new place of residence away from any other household members, that will diminish the risk of spreading the virus.  Otherwise, the Court does not find that Defendant poses a danger to the community.

The Court, taking all the relevant facts into account, finds that Defendant has established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment, and the Court finds that compassionate release is appropriate in this case.

### III. CONCLUSION

For the reasons set forth above, Defendant Michael Edwards' second pro se motion (d/e 49) and amended motion for compassionate release (d/e 50) are GRANTED.  The Court hereby reduces Defendant's term of imprisonment from 120 months to time

---

[1] Section 1B1.13 of the Sentencing Guidelines has not been amended to reflect the First Step Act's amendment to 18 U.S.C. § 3582(c)(1)(A).  As it stands, § 1B1.13 refers to a reduction "upon the motion of the Director of the Bureau of Prisoners."  No policy statement provides guidance for when a defendant files a motion.  Nevertheless, the Court considers § 1B1.13.

served plus 72 hours in order to allow BOP to test Defendant for COVID-19 and for Defendant to arrange transportation.

The Court modifies Defendant's conditions of supervised release to require Defendant to spend 6 months in home confinement, with the first 14 days to be spent in isolation.  The home confinement shall start as soon as possible after his term of supervised release begins.  Defendant shall be monitored by telephonic monitoring as approved by the United States Probation Office.  All other aspects of Defendant's sentence shall remain the same.

The Bureau of Prisons is ORDERED to immediately test Defendant for COVID-19.  The Bureau of Prisons is also ORDERED to release Defendant once he has tested negative for COVID-19.  The Clerk is DIRECTED to send a copy of this Opinion to FMC Lexington.  Defendant must self-quarantine for a period of 14 days beginning at the time of his release, including while he travels from his BOP facility to his new residence.  Defendant shall travel to his new residence in a vehicle with three-row seating that allows him to follow the CDC's social distancing guidelines, which include staying at least six feet from others and wearing a face mask and gloves.

ENTER:  January 11, 2021

                                         *s/ Sue E. Myerscough*
                                         SUE E. MYERSCOUGH
                                         UNITED STATES DISTRICT JUDGE